UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLTON BROWN,

                      Plaintiff,

        v.

THOMAS GRIFFIN, *et al.*,

                    Defendants.

No. 18-CV-5439 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

On September 25, 2019, the Court issued an Opinion & Order dismissing some of Plaintiff's claims without prejudice and giving him 30 days to file a second amended complaint. (Op. & Order (Dkt. No. 33).) Plaintiff failed to timely amend his Amended Complaint, and on November 19, 2019, the Court issued an Order to Show Cause directing Plaintiff to show why the case should not be dismissed with prejudice for failure to prosecute. (*See* Order to Show Cause (Dkt. No. 34).) That Order was inadvertently not mailed to Plaintiff, so the Court later issued a Memo Endorsement directing the Clerk of Court to mail the Order to Plaintiff and granting Plaintiff another extension of time to amend his complaint. (*See* Dkt. No. 35.) It has been over two months since the issuance of the Memo Endorsement, and Plaintiff has failed to amend or otherwise communicate with the Court.

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent

authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the Complaint on June 15, 2018, (Dkt. No. 1), and filed his Amended Complaint on October 9, 2018, (Dkt. No. 18). Plaintiff has not communicated with the Court since

2

September 24, 2019, when he asked for an update on the status of the case. (Dkt. No. 32.) On September 25, 2019, the Court dismissed some of Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint, warning that if Plaintiff did not meet this deadline, "this Action could be dismissed with prejudice." (Op. & Order 19.) The Clerk of Court mailed a copy of the Opinion & Order to Plaintiff that same day. (*See* Dkt. (entry for Sept. 25, 2019).) The Court then issued an Order to Show Cause on November 19, 2019, stating that "[t]he Court may dismiss this case with prejudice without further notice in the even that good cause is not shown" within 30 days. (Order to Show Cause 1.) Despite an initial delay, the Order to Show Cause was eventually mailed to Plaintiff, (*see* Dkt. (entry for Dec. 26, 2019)), but nevertheless, as of the date of this Order, Plaintiff has not filed an amended complaint, shown good cause, or otherwise prosecuted this case since filing an Opposition to Defendants' Motion To Dismiss on January 17, 2019, (Dkt. No. 27), over a year ago.

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (quotation marks omitted)).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close this case.

SO ORDERED.

DATED: March 3, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE